## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**                    CASE NO. 17-CR-20547-UU-5

      **Plaintiff,**

**vs.**

**GILBERTO RINCON-CASTILLO,**

      **Defendant.**

_____/

## DEFENDANT, GILBERTO RINCON-CASTILLO'S
## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, **GILBERTO RINCON-CASTILLO**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 316], and states as follows:

1.    **Objection to "Arrest Date" (PSI Page 2):**

The Defendant objects to the "Arrest Date" of "February 14, 2019." That date is incorrect. He was arrested in Colombia on the United States Extradition Warrant on October 25, 2017 and remained in continuous custody pending his extradition to the United States on February 14, 2019. The Defendant's Initial Appearance in this district was held on February 15, 2019. [D.E. 50]. The Defendant should therefore receive credit towards his ultimate sentence from his arrest on the Extradition Warrant in Colombia on October 25, 2017.

2.    **Objection to Paragraph 4: "Charges and Convictions"**

Paragraph 4 of the Presentence Investigation Report is incomplete in its description of the agreements and stipulations between the Government and the Defendant with regard to what they would recommend to the Court at the time of sentencing.

Specifically, in addition to the agreements set forth in the Plea Agreement and the Presentence Investigation Report, at the Change of Plea Hearing the Government and the Defendant advised the Court that there were stipulated additions to the Plea Agreement, which were accepted by the Court. Those additions are as follows:

(a) The Government and the Defendant agreed that they would recommend to the Court that there would be a one (1) level aggravated role enhancement pursuant to U.S.S.G. §3B1.1;

(b) The Government and the Defendant agreed that they would recommend to the Court that no other enhancements, other than those set forth in the Plea Agreement and expressed in the court at the Change of Plea Hearing should apply to the Defendant, and

(c) The Government and the Defendant agreed that they would recommend to the Court that the total offense level should be 36, with a criminal history I, resulting in an advisory sentencing guideline range of 188 to 235 months imprisonment. (See Pages 19 through 21 of the Transcript of the Change of Plea Hearing held January 6, 2020.)

Therefore, the above additional stipulations should be included in the Presentence Investigation Report by way of revision.

3. **Objection to Paragraph 11: "The Offense Conduct"**

The Defendant objects to paragraph 11 of the PSI insofar as it states, "Pedro, Omar, Gilberto and Horacio were involved in the leadership decisions regarding the collection of drug taxes over a multi-period of time by the AUC during the charged conspiracy." These alleged acts are not set forth in the Factual Proffer [D.E. 290] signed by the parties. Moreover, both the Government and the Defendant agreed, in Paragraph 15 of the Plea Agreement [D.E. 289] not to contest the facts in the Factual Proffer. The Defendant is not contesting the facts contained in the Presentence Investigation Report, but rather is contesting only the addition of new alleged facts

interposed by the probation officer that were not contemplated by the parties when drafting and executing the Factual Proffer.

    4.    **Objection to Paragraph 14: "Role Assessment"**

The Defendant objects to paragraph 14 of the PSI insofar as it states, "…..Gilberto, … were involved in the *leadership* decisions regarding the collection of drug taxes over a multi-period of time by the AUC." (Emphasis supplied.)

These alleged acts are not set forth in the Factual Proffer [D.E. 290] signed by the parties. Moreover, both the Government and the Defendant agreed, in Paragraph 15 of the Plea Agreement [D.E. 289] not to contest the facts in the Factual Proffer.

Additionally, the Defendant objects to paragraph 14 of the PSI insofar as it states, "A three-level aggravating role enhancement is recommended for Gilberto because he was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, §3B1.1(b)."

Although it is acknowledged that the Plea Agreement and any other agreements entered into between the parties is not binding on the Probation Office or the Court, it should be noted that at the time of the Change of Plea Hearing it was stipulated and agreed on the record that although paragraph 17 of the Plea Agreement states that the contents of the Plea Agreement encompasses the entire agreement and understanding between the Government and the Defendant and that there were no other agreements, promises, representations or understandings between the parties, that is not accurate in this instance. Specifically, at the Change of Plea Hearing the Government and the Defendant advised the Court that there were stipulated additions to the Plea Agreement, which were accepted by the Court. Those additions are as follows:

(a) The Government and the Defendant agreed that they would recommend to the Court that there would be a one (1) level aggravated role enhancement pursuant to U.S.S.G. §3B1.1;

(b) The Government and the Defendant agreed that they would recommend to the Court that no other enhancements, other than those set forth in the Plea Agreement and expressed in the court at the Change of Plea Hearing should apply to the Defendant, and

(c) The Government and the Defendant agreed that they would recommend to the Court that the total offense level should be 36, with a criminal history I, resulting in an advisory sentencing guideline range of 188 to 235 months imprisonment. (See Pages 19 through 21 of the Transcript of the Change of Plea Hearing held January 6, 2020.)

It is respectfully requested that this Honorable Court give full force and effect to the Plea Agreement and the stipulations noted above, and apply the agreement and understanding of the parties as set forth therein and as relied upon by the parties.

Therefore, this Court should sustain this objection and apply a one (1) level aggravating role adjustment, rather than a three (3) level aggravating role adjustment.

5. **Objection to Paragraph 22: "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 22 of the PSI insofar as it states, "The defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive; therefore, three levels are added, §3B1.1(b)."

Although it is acknowledged that the Plea Agreement and any other agreements entered into between the parties is not binding on the Probation Office or the Court, it should be noted that at the time of the Change of Plea Hearing it was stipulated and agreed on the record that the Government and the Defendant would recommend to the Court that the total offense level should be 36, with a criminal history I, resulting in an advisory sentencing guideline range of 188 to 235

4

months imprisonment. (See Pages 19 through 21 of the Transcript of the Change of Plea Hearing held January 6, 2020.)

Therefore, this Court should sustain this objection and apply a one (1) level aggravating role adjustment, rather than a three (3) level aggravating role adjustment.

6. **Objection to Paragraph 24: "Adjusted Offense Level"**

The Defendant objects to Paragraph 24 of the PSI with regard to the assertion that the *adjusted offense level* should be 41.

Specifically, when the aggravating role adjustment is reduced from three (3) levels to one (1) level per the agreement and stipulation of the parties, the *adjusted offense level* would read 39, rather than 41.

7. **Objection to Paragraph 28: "Total Offense Level"**

The Defendant objects to Paragraph 28 of the PSI with regard to the assertion that the *total offense level* should be 38.

Specifically, when the aggravating role adjustment is reduced from three (3) levels to one (1) level per the agreement and stipulation of the parties, and three (3) levels are deducted for acceptance of responsibility, the *total offense level* would read 36, rather than 38.

8. **Objection to Paragraph 62: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 62 of the PSI inasmuch as it reads, "Based upon a total offense level of 38 and a criminal history category of I, the guideline imprisonment range is 235 to 293 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 36* and a criminal history category of I, the *advisory*

*guideline imprisonment range* is **188 to 235 months**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, **GILBERTO RINCON-CASTILLO**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

STEPHEN J. GOLEMBE, Esq.
(FL Bar No. 137225)
Stephen J. Golembe & Associates, P.A.
201 Alhambra Circle, Suite 504
Coral Gables, Florida  33134
(305) 858-0404 office
E-mail: GolembeS@GolembeLaw.com
(Counsel for Defendant, *Gilberto Rincon-Castillo*.)

*/s/ Stephen J.  Golembe*
STEPHEN J. GOLEMBE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

STEPHEN J. GOLEMBE, Esq.
(FL Bar No. 137225)
Stephen J. Golembe & Associates, P.A.
201 Alhambra Circle, Suite 504
Coral Gables, Florida  33134
(305) 858-0404 office
E-mail: GolembeS@GolembeLaw.com
(Counsel for Defendant, *Gilberto Rincon-Castillo*.)

*/s/ Stephen J. Golembe*
STEPHEN J. GOLEMBE

## SERVICE LIST

**United States of America v. Gilberto Rincon-Castillo**
**Case No. 17-CR-20547-UU-5**
**United States District Court, Southern District of Florida**

Robert J. Emery, A.U.S.A.
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305.961.9421
Fax: 530-7976
Email: Robert.Emery2@usdoj.gov

Michael Brian Nadler, A.U.S.A.
United States Attorney's Office
JLK Federal Justice Building
99 Northeast 4th Street
Miami, FL 33132-2111
305-961-9244
Fax: 305-536-7213
Email: michael.nadler@usdoj.gov

Nalina Sombuntham, A.U.S.A.
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
305-961-9224
Email: nalina.sombuntham2@usdoj.gov

Clifford H McKinney
U.S. Probation Officer
United States Courthouse
299 East Broward Boulevard, Suite 409
Fort Lauderdale, FL 33301
Tel: 954-769-5537
E-mail: Clifford_McKinney@flsp.uscourts.gov