**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 17-20547-CR-SMITH**

**UNITED STATES OF AMERICA**

    **vs.**

**GILBERTO RINCON-CASTILLO,**

      **Defendant.**

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT RINCON-CASTILLO'S**
**MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C.**
**§ 3582(c)(1)(A) AND FIRST STEP ACT OF 2018 (DE 358)**

On August 9, 2023, defendant Gilberto Rincon-Castillo ("Castillo") filed the instant *pro se* motion asking the Court to immediately release him pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) (DE 358).  Pursuant to the local rules, the government's response is due on or before August 23, 2023 (*id.*).  The Court should deny Castillo's motion for the reasons explained below.

**I.  Procedural History**

On July 28, 2017, a federal grand jury sitting at Miami, Florida, in the Southern District of Florida, returned a one-count indictment charging Castillo and four codefendants with conspiring to distribute a Schedule II controlled substance; *i.e.*, at least five kilograms of cocaine, intending, knowing and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of Title 21, United States Code, Section 963 (DE 1).

On January 6, 2020, Castillo changed his plea to guilty pursuant to a written plea agreement and factual proffer (DE 284, 289, 290; DE 295, Change of Plea Transcript).

Probation prepared a Pre-Sentencing Investigation Report ("PSI").  On July 24, 2020, Castillo filed objections to the PSI (DE 329).  On October 19, 2020, the Court sentenced Castillo to 188 months' imprisonment, followed by five years' supervised release (DE 349, 349).

On August 9, 2023, Castillo filed a Motion for Compassionate Release, Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (DE 358) that is the subject of this response.

## II.  The Court Should Deny Defendant's Motion for Compassionate Release

### A.  Administrative Remedy Exhaustion

Castillo appears to have partially satisfied the administrative exhaustion requirement with the Bureau of Prisons. Section 603(b)(1) of the First Step Act, states the following:

> "INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE.—Section 3582 of Title 18, United States Code, is amended— (1) in subsection (c)(1)(A), in the matter preceding clause (i), by inserting after ''Bureau of Prisons,'' the following: ''or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'"

Exhaustion is a mandatory prerequisite to a defendant filing a compassionate release motion with the Court.  *See* 18 U.S.C. § 3582(c)(1)(A) (stating unambiguously that a defendant can bring a motion to court only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

Although exhaustion is not a "jurisdictional requirement," we must determine whether the petitioner has properly exhausted his remedies "if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).  To exhaust his administrative remedies, a petitioner "must properly take each step within the administrative process" his prison

facility has implemented. *Varner v. Shepard*, 11 F. 4th 1252, 1260 (11th Cir. 2021); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits).'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Castillo attached a copy of a Reduction in Sentence (RIS) Application dated February 28, 2023, purportedly based on a debilitating medical condition (*i.e.*, an "illness that has you partially (50%) or completely (100%) disabled") which he described as "suffer[ing] from sleep apnea, high blood pressure, pre-diabetes, multiple hernias, arthritis, and hav[ing] had operations on [his] intestines," and noting that he is 62 years old and in poor health (DE 358-1, p. 1). Until the government notified the BOP on August 10, 2023 of the filing of the current motion, their records did not reflect that Castillo had filed a RIS request. BOP has now begun processing the February request and expects the Warden will act on it within thirty days from its receipt.

Even assuming that Castillo had given his RIS request to the institution in February when it was dated, and that the thirty days in which the Warden has to act has expired, Castillo's February, 2023 request does not include several of the medical conditions he currently relies upon for relief. In the current motion, Castillo claims "he suffers from a host of incurable diseases from which [he] will never recover, to wit: Pancytopenia, Anemia, Gastroesophageal Reflux Disease without esophagitis, Hernia of Abdominal Cavity, Pancreatitis (Recurrent Acute Pancreatitis), Hypermetropia, Astigmatism, Prebyopia, Massive Ventral Hernia, and Pancreatectomy," and that he also "suffers from abdominal pain, back pain, black stool, colon cancer screening, constipation, encounter fr immunization, encounter for preventative health examination, hyperopia, screen examination for pulmonory [sic] tuberculosis, swallowing difficulty, physical exam, pain in

3

uspecified [sic] joints, left knew [sic] sear/pain, PPD, Tuberculin Skin test" (DE 358, p. 8-9). Thus, even if the February, 2023, request was properly submitted,  the extent of administrative exhaustion pertaining to that request would only cover those medical conditions cited therein; *i.e.*, "sleep apnea, high blood pressure, pre-diabetes, multiple hernias, arthritis, and … operations on [his] intestines" (DE 358-1, p. 1).  Accordingly, the only possible exhausted medical conditions that are proper for consideration here would be those specified in the February administrative request; *i.e.*, the hernias and the related consequences from the operations on his intestines, which are also asserted as a basis for relief in the current motion.  But the remaining medical conditions cited in the current motion must be considered premature and unexhausted as Castillo did not seek an administrative remedy with the BOP on the basis of those conditions.  As set forth below, Castillo's medical condition as it relates to his hernias and intestinal operations does not satisfy the requisite "extraordinary and compelling" reason sufficient for Section 3582(c)(1)(A) relief.

### B.  The Authority to Modify a Sentence

"A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'" *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quoting *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015)).  Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Here, the reduction must be consistent with U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 (December 6, 2021) (No. 20-1732) ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under

Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13.").

U.S.S.G § 1B1.13, comment. (n.1) defines the "Extraordinary and Compelling Reasons" which may support a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A):

(A) **Medical Condition of the Defendant.-**

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.—** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.—**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.—**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling other than, or in combination with, the reasons described in subdivisions (A) through (C).

5

U.S.S.G. § 1B1.13, comment. (n.1).   The Eleventh Circuit in *Bryant, supra*, held that courts do not have the discretion to "decide the contents of that fourth 'catch-all' category of 'other reasons' – such discretion is reserved solely for the Director of the Bureau of Prisons." *Bryant*, 996 F.3d at 1262-65.  The Eleventh Circuit recently reaffirmed that the holding in *Bryant* is binding unless and until it is overturned by the Supreme Court or by the Eleventh Circuit sitting en banc.  *United States v. Magluta*, ___ F.4th ___, 2023 WL 4241281, *5 (11th Cir. 6/29/23) (rejecting claim for compassionate release not based on a qualifying medical condition, deterioration related to the aging process, or family circumstances requiring the defendant to act as a caretaker to a minor child, spouse, or registered partner, as such claim barred under *Bryant*).  Thus, to the extent Castillo asserts that the district court is not limited to considering only medical, elderly or childcare circumstances and may provide relief under "Other Reasons," he is incorrect (DE 348, p. 5-8).

The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *Cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Ultimately, if a defendant's circumstances do not fall within one of the categories specified in U.S.S.G. § 1B1.13's application notes—the motion must be denied.

## III. Argument

As set forth below, Castillo's motion for compassionate release should be denied for the following reasons.  First, as set forth above, it is unclear whether Castillo submitted a RIS request to the BOP in February, 2023, where the BOP did not have any record of receiving that request until recently when the government provided it with a copy of the motion (including the attached February, 2023 request); and even if that request satisfies administrative exhaustion, only those medical claims which were relied upon in that request may properly be considered here, while the remaining medical claims asserted in the present motion have not been administratively exhausted

6

as previously noted in Section II, Subpart A.  Second, Castillo's medical conditions do not appear to be extraordinary and compelling reasons for relief as the BOP has been providing him with proper and adequate medical care, has determined that he is a Care Level 1 as to his physical health, signifying healthy or simple chronic care, and he does not have any work restrictions. Third, the factors set forth at 18 U.S.C. § 3553(a) weigh against his early release.

### A.  "Extraordinary and Compelling Reason" Warranting a Sentence Reduction

Castillo asserts that, "[g]iven the highly infections [sic] nature of COVID 19, the inability in a facility like the BOP to practice any of the hygiene and social distancing techniques that the CDC has put in place to prevent rapid transmission, and the fact that [he] suffers from ailments, many of which that have already been identified as "high risk", [sic] this Court should find [his] legitimate medical risk is a sufficiently extraordinary and compelling basis for granting compassionate release."  *See* DE 358, p. 18.  As previously noted, the only medical conditions asserted here which have been administratively exhausted are the abdominal hernias and intestinal operations relating thereto.

Castillo was extradited from his native country of Colombia for the purposes of this prosecution, and initially appeared in this district on February 15, 2019 (DE 50).[1]  Castillo's asserted medical condition existed well before his arrest in Colombia on October 22, 2017 (*see* DE 347, Sentencing Minutes, reflecting that Castillo was to receive sentencing credits from that date, which accounted for time he spent in Colombian custody prior to extradition).  The PSI details Castillo's prior medical history beginning in 1991, when surgery was performed in Colombia to

---

[1] The Department of Homeland Security has filed an immigration detainer with the BOP for Castillo's removal back to Colombia once he is released from his sentence.

insert a mesh into his abdominal wall due to pancreatitis (PSI ¶ 44).  Due to complications, Castillo had more surgeries in 2002, 2007, 2017, and 2018 (PSI ¶¶ 45-48).  Castillo has attached medical records from hospitalizations in Colombia to his motion (DE 358-1, p. 2-16).

The BOP has provided Castillo's medical records while in its custody.  Those records reflect that he is being treated and medicated for his ventral hernia.  In July, 2023, his medication orders were reviewed and renewed (BOP Medical Records for the period 2022-2023, attached hereto under seal as Exhibit "A," p. 2).  In June, 2023, Castillo met with BOP medical providers for a surgical consult to assess the ventral hernia (*id.*, p. 99).  The team assessed that he was a 62 year old male with a large ventral hernia and would need further evaluation with a CT scan (*id.*, p. 100).   In January, 2023, a chart review indicated that he was stable on current medical therapy (*id.*, p. 21).  In November, 2022, BOP Dr. Holbrook advised against further abdominal surgery to repair the ventral hernia because there had been "multiple failed repairs," and "suspect[ing] any repair would fail, and with the protuberance would be a difficult closure likely to open up," but recommended further lab tests (*id.*, p. 25-26).  The BOP has also provided COVID-19 vaccinations to Castillo and, as of November 3, 2022, his vaccinations were complete (*id.*, p. 33).  Moreover, Castillo's medical records reflect that he had a confirmed case of COVID-19 which was resolved, apparently without issue, in August, 2020 (*id.*, p. 75).

Castillo, who is currently age 62, does not contend that the BOP is not properly treating his medical condition, nor does it appear that such a claim would be credible in light of the medical records provided.  Nor does Castillo credibly contend that his medical condition substantially diminishes his ability to provide self-care within the institutional setting; Castillo merely contends in conclusory fashion that due to "his host of serious medical conditions/problems he is experiencing deteriorating physical and mental health, and because of his aging process,

8

substantially diminishes his ability to provide self-care within the prison environment" (DE 358, p. 15).  But, significantly, Castillo fails to provide any examples of his alleged diminished ability to provide self-care.  Indeed, to the contrary, Castillo does not appear to be unable to provide self care within the facility.  The BOP has classified Castillo as a Care Level 1 for his physical health, signifying that he is under 70 years of age and has "limited medical needs that can be easily managed by clinician evaluations every 6-12 months."  *See* Care Level Classification for Medical and      Mental      Health      Conditions      or      Disabilities      at http://www.bop.gov/resources/health_care_mngmt.jsp.

And, with respect to COVID-19, Castillo has already survived an initial bout of it in 2020, prior to the availability of vaccines, and, now that he has been fully vaccinated, his fears of a bad outcome should he be re-infected are exaggerated.  Another indication that Castillo's medical condition is not extraordinary and compelling is that he is currently assigned to the Labor Pool for work assignments.  *See* Individualized Needs Plan – Program Review, attached hereto as Exhibit "B" (in relevant part showing work assignment, as well as Care Level 1 designation). Finally, Castillo states, if released, he would be deported back to Colombia, where he will provide for himself and his family by farming (DE 358, p. 21).  Castillo's suggestion that he would be able to farm if released runs contrary to his claims of poor health.

Accordingly, Castillo has failed to demonstrate that his medical condition of having hernias and multiple, related abdominial surgeries is an "extraordinary and compelling" reason for relief under Section 3582(c)(1)(A).

**B.  The Section 3553(a) Factors Do Not Support Compassionate Release**

In addition to Castillo's failure to demonstrate the requisite extraordinary and compelling reasons for compassionate release, the factors set forth in Title 18, United States Code, Section

3553(a) also weigh against it.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021).

Castillo was part of a family group in Colombia that conspired to distribute 450 kilograms or more of cocaine with the knowledge that it would be imported into the United States (PSI, ¶ 14). He was sentenced to 188 months' imprisonment (DE 349).  As of August 10, 2023, the BOP calculated that he has served five years, nine months, and seventeen days, or 36.9% of the full term, and 43% of the statutory term (Exhibit "C," Public Information Inmate Data).  The BOP further calculates that Castillo will be eligible for final statutory release on April 10, 2031, but with 345 days of FSA credits, he is projected to be eligible for earlier release on April 30, 2030 (*id.*).  Castillo asserts that, in his "5-1/2 years of imprisonment, he managed to maintain clear conduct in the BOP for the past 18 months with a PATTERN of LOW risk for recidivism," and "has matured from a man pursuing a lawless lifestyle, to a reflective, empathetic-matured-responsible adult" (DE 358, p. 18).  But this is not entirely accurate.  Since his incarceration in this country, he has incurred several infractions. The last occurred in December, 2022, for possessing a hazardous tool, and in June, 2022, he was sanctioned for refusing to obey an order and for being in an unauthorized area; prior to that, he incurred a sanction in July, 2019, for using another inmate's phone account.  *See* Inmate Discipline Data attached hereto as Exhibit "D."  Castillo's apparent dishonesty in contending he maintained a clean disciplinary record is troubling.

Based on the foregoing, early release would not serve the sentencing purposes of Title 18, United States Code, Section 3553(a).  Castillo has only served approximately one-third of his full sentence for a large-scale drug importation scheme.  Thus, early release would not adequately consider the nature and circumstances of the offense, and Castillo's history and characteristics, nor would it satisfy the goals of sentencing to reflect the seriousness of the offense, promote respect

for the law, and provide just punishment; to afford adequate deterrence to criminal conduct; and
to protect the public from further crimes of the defendant.

Accordingly, the government submits that the Section 3553(a) factors also militate against
early release.[2]

## CONCLUSION

Castillo's motion for compassionate release should be denied. Even if the Court finds he
has exhausted his administrative remedies with respect to some of his medical conditions, the
remaining factors counsel against early release. First, Castillo has not demonstrated that his
medical condition provides an "extraordinary and compelling" reason for release. Moreover,
consideration of the Section 3553(a) factors also supports denial of the motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY


BY:    s/ Alicia E. Shick
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 124842
U.S. Attorney's Office
500 E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE  FL  33394

---

[2] Castillo also cites to the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct.
2389 (2033), which addressed the factors that a district court must consider when deciding
sentence-reduction motions for crack-cocaine convictions under Section 404 of the First Step Act
(DE 358, p. 20-21), but it is unclear for what purpose since he is not proceeding under Section
404. In any event, *Concepcion* has no application to motions for compassionate release under
Section 3582(c)(1)(A). *See United States v. Williams*, ___ F.4th ___, 2023 WL 4234185 at *3-*4
(11th Cir. 6/28/23) (and collecting cases from other circuits concluding that *Concepcion* does not
bear on the initial question of whether a movant is eligible for compassionate release; *i.e.*, whether
he/she has established extraordinary and compelling reasons for release, at fn. 3).

11

TEL. NO. (954) 660-5688
FAX NO. (954) 356-7336
EMAIL:  alicia.shick@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 21, 2023, that the foregoing response was electronically filed with the Clerk of Court using CM/ECF, and sent to defendant Castillo via United States first-class mail to:  Gilberto Rincon-Castillo, Reg. No. 17992-104, USP-Atlanta, P.O. Box 150160, Atlanta, Georgia, 30315.

 *s/Alicia E. Shick*
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY