<u>IN THE UNITED STATES DISTRICT COURT</u>

<u>FOR THE</u>

<u>SOUTHERN DISTRICT OF FLORIDA</u>

(MIAMI DIVISION)

FILED BY MC D.C.

DEC 18 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**GILBERTO RINCON-CASTILLO**

Petitioner,

v.    <u>Case No.1:17-CR-20547-RS-5</u>

(Honor. Rodney Smith)

**UNITED STATES OF AMERICA**

Respondent.

<u>DEFENDANT'S MOTION PURSUANT TO 18 U.S.C.§3582(c)(2) BASED ON THE</u>

<u>NEW SENTENCING GUIDELINE DOWNWARD ADJUSTMENT FOR CERTAIN</u>

<u>ZERO-POINT OFFENDERS</u>

<u>(AMENDMENT 821 U.S.S.C.)</u>

1

NOW COMES PETITIONER, GILBERTO RINCON-CASTILLO, Pro-Se and respectfully asks this Court to apply a two-level reduction to Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2), and based on the unanimously-voted U.S. Sentencing Commission New Amendment 4C1.1 "Adjustment for Certain Zero-Points Offenders", adjust Petitioner's sentence to.

Petitioner prays that this Motion be liberally construed and held to a standard "less stringent than those drafted by Attorneys." Haines v. Kerner, 404 U.S. 519,520 (SCOTUS 1972); See also Ayala Serrano v. Gonzalez, 909 F.2d 8,15(1st Cir.)1991). According to Rule 56(a) of the Federal Rules of Civil Procedures, a Movant may move for any claim if he shows that there is no general dispute as to any material fact and that he is entitled to judgement as a matter of law.

## BACKGROUND AND FACTS

Petitioner is currently incarcerated at USP Atlanta, U.S. Penitentiary. At Atlanta, GA 30315. Petitioner is serving a 188 months' term of incarceration with the US Bureau of Prisons. Petitioner has been incarcerated since October 25 ,2017 with a tentative release date of April 10, 2030 (Via GCT Accreditation). Petitioner has an intense Supervised Release Period of 60 months.

Petitioner was convicted of one count, Title 21:963 Attempt & Conspiracy to Distribute Five Kilograms or More of Cocaine, knowing it was unlawfully imported into the United States.

Petitioner original TOTAL OFFENSE LEVEL at sentencing was 36, with a Criminal History Category of I, 188 to 235 months.

The District Court makes two determinations when deciding whether or not to modify a sentence under 18 U.S.C. § 3582(c) (2). Under the First Step Act, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced (U.S.S.G. 1B1.10(b)), leaving untouched all other previous factual decisions concerning particularized sentencing factors. See United States v. Wyatt, 115 F.3d 606, 609, (8th Cir, 1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim's adjustment, more than minimal planning, and the acceptance of responsibility.

In this particular case, recalculation of Petitioner's TOTAL OFFENSE LEVEL under the Present Amendment 821 amended guidelines would result in a NEW TOTAL OFFENSE LEVEL of 34 (151-188 months). Otherwise, recalculation would not result in any change to Petitioner's Criminal History Category, and therefore, Category I remains applicable. These factors would result in any Guideline Sentencing Range of 151 to 188 months, as opposed to the previous Guideline Sentencing Range of 36 (188 to 235) months with a 188 months' sentence.

Petitioner respectfully asks this Honorable Court to impose a new sentence at the low end of the new Guideline Range, 151 months, as the Court found the low end as previously appropriate and in the interest of justice post-sentencing comportment.

3

## DISCUSSION

On April 27th, 2023, the U.S. Sentencing Commission ("U.S.S.C.") Submitted a series of guidelines Amendments to Congress for consideration. If Congress does not act to veto the Amendments – which there has never been a prior veto by Congress to an unanimously-voted Amendment presented by the U.S.S.C. – they Will become effective on November 1, 2023.

As expressly stated in these Amendments to the Sentencing guidelines, the "new 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three of offenders who did not received any criminal history points under Chapter 4, Part A and whose instant offense did not involve specified aggravated factors." Below is the description of this new Amendment:

### 4C1.1 Adjustment for Certain Zero-Point Offenders

(a) Adjustment—If the defendant meets all of the following criteria:

(1) The defendant did not receive any criminal history points for Chapter Four, Part A;

(2) The defendant did not receive any adjustment under 3A1.4 (Terrorism);

(3) The Defendant did not use violence or credible threats of violence in connection with the offense;

(4) The Offense did not result in death or serious bodily injury;

4

(5) The instant offense of conviction is not a sex offense;

(6) The defendant did not personally cause substantial financial hardship;

(7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapons (or induce another participant to do so) in connection with the offense;

(8) The instant offense of conviction is not covered by 2H1.1 (offense Involving Human Rights);

(9) The defendant did not receive an adjustment under 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3 A1.5(Serious Human Rights Offense); and

(10) The defendant did not receive an adjustment under 3B1.1 (Aggravating Role) and was not engaged in a Continuing Criminal Enterprise, as defined in 21 U.S.C. §848;

Decrease the offense level determined under Chapter Two and Three by 2 levels.

Having established the applicable Amendment Guideline Range as above explained, the Court next considers all factors contained in 18 U.S.C. 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. *Wyatt*, 115 F3d at 609; 18 U.S.C. § 3582 (c) (2). The Factors set forth in 3553(a) are the followings: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentence available at that time; 4) the applicable sentencing range under the guidelines at time of sentencing; 5) any pertinent

5

Sentencing Commission Policy Statement; 6) the need to avoid unwarranted sentencing disparities among defendants; 7) the need to provide restitution to victims, 18 U.S.C. § 3553(a) Put more succinctly, the statute requires the sentence imposed to be minimal sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

Furthermore, pursuant to the ruling of the United States Supreme Court in <u>Pepper v. United States,</u> S. Ct. No. 09-6822, and in conjunction with 18 U.S.C: § 3553(a) factors that Congress has instructed: evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed to consider at sentencing or re-sentencing.

Petitioner has appendixes Bureau of Prison Documents (Program Review) which details the extensive listing of Petitioner's Educational Programming, in order to demonstrate to this Honorable Court Petitioner's exemplary post sentencing comportment and rehabilitation. As indicative within Unit Team's "Program Review", Petitioner has conducted himself with Bureau Staff and other Inmates, not only in an exemplary manner, but with absolutely "…. no disciplinary history in the last 6 months" and good behavior in general throughout his 6 years of incarceration.

In fact, and as demonstrative of Petitioner's post-sentencing rehabilitative behavior, Petitioner presents to this Honorable Court his BOP Educational Skills Development Programming that Petitioner has completed voluntarily, and with the individual goal to better prepare Petitioner for imminent release (Please See Program Review Attached),

Petitioner would like to impress upon the Court, Petitioner's strong intent to better himself in order to be a productive member of his community upon release. At

6

the time of his arrest, Petitioner was 56 years of age, with limited skills and not educational background, now Petitioner is 62 years old and fully understood the mistake he committed with his life, therefore Petitioner made the effort to get prepare for his release to be a better human being and not make the same bad judgment which initially brought Petitioner to the jurisdiction of this Honorable Court.

Accordingly, Petitioner prays that this Honorable Court takes into consideration his strong post-sentencing rehabilitation as the most accurate indicator of "his present purposes and tendencies to change and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed on him". (*Ashe*, 302 U.S. at 55) as such, Petitioner respectfully request that this Honorable Court GRANTS the rehabilitative sentence of 151 months as the most appropriate.

As it may be reviewed by this Honorable Court, Petitioner clearly meets all the criteria described above, making him eligible for a two-level reduction of his sentence.

Notably, reduction in terms of imprisonment as a result of an Amended Guideline Range shall be consistent with U.S. Sentencing Guideline Policy Statement 1B1.10, including subsection (d) "Covered Amendments". It is important to note that on July,2023, the U.S. Sentencing Commission voted in favor of the new 4C1.1 Amendment to become retroactive and include all eligible prisoners currently held in federal custody.

In addition, 1B1.10 Commentary Application Notes (1)(B)(iii) calls for a review of Post-Sentencing Conduct. As it is shown in Exhibits attached herein, Petitioner has actively and consciously participated in and complete multiple Evidence-Based Recidivism Reduction Programs and BOP's designed Programs Courses, which have deeply and positively impacted Petitioner's rehabilitation. Furthermore, as per the

7

FSA Risk and Needs Assessment (PATTERN) report—which analyzes prisoner's likelihood of recidivating – Petitioner is currently categorized as a LOW Recidivism Level. Please See Exhibits attached herein.

Also, and not of less importance, Petitioner has not only been incarcerated during the entire Covid-19 Pandemic lockdown with several consecutive months in solitary confinement with multiple health conditions (Please See his PSI) which has been extremely harsh, inhumane, and morally devastating (which is an 18 U.S.C.§3553(a) Factor). Additionally, due to a detainer lodged by ICE, Petitioner would be denied of at least 9 months of beneficial incarceration at a Residential Reentry Center.

Lastly, although this new downward adjustment does not become effective until November 1,2023, Petitioner humbly ask this Honorable Court to consider the 2 level reduction prior to the effective date in light of U.S. v. McMillan, 863 F.3d 1053, 1058 (8th Cir.2017) ("Although District Courts are required to apply the guidelines in effect on the date of sentencing, they may consider pending amendments to the guidelines"); U.S. v. Ruiz-Apolinio, 657 F.3d 907 (9th Cir, 2011) ("A sentencing Court, of course , has the discretion to grant a variance from the Guidelines after promulgation but before the adoption of a proposed amendment"); U.S. v. Luis-Guizar, 656 F.3d 567 (7th Cir.2011) ("the Court should have considered the pending amendment"); US v. Frierson, 308 Fed. Appx. 298, 302-303(10th Cir.2007) (defendant given downward departure of 15 months in light of a pending amendment to Guidelines).

## CONCLUSION

8

Based on the facts of the matter established herein, Petitioner, respectfully and humbly request this Honorable Court to GRANT this Motion, reduce his sentence from its initial level 36 of 188 months to level 34 of 151 Months.

As a reduction pursuant to 18 U.S.C. §3582(c)(2). It is also requested that the Court Appoint CJA Counsel to represent Petitioner if necessary.

Petitioner, (Defendant), from the time of filing this Motion, to his current release date of April 10 ,2030 has approximately 84 Months left of his sentence to serve, which is more than the expected 2 levels reduction of 37 Months in light of this new Amendment. Therefore, Petitioner prays this Honorable Court GRANTS this Motion. It is important also to note that after his release, Petitioner still needs to be transferred to an ICE facility to process his deportation this usually in normal procedure takes from 30 to 90 days.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 18 U.S.C. §1746.

Executed this __13__ day of November, 2023.

_____
/s/

Register No.17992-104

## CERTIFICATE OF SERVICE

I, GILBERTO RINCON-CASTILLO, HEREBY CERTIFY, that a true and correct copy of the foregoing was placed in the USP Atlanta, US Penitentiary legal mail-box, with proper first- class postage affixed, addressed to the office of the U.S. Attorney's at 99NE 4TH Street Miami, FL 33132 at on this_____ of November, 2023.

Respectfully Submitted,

_____
GILBERTO RINCON-CASTILLO
Register No.17992-104
USP Atlanta
US Penitentiary
P.O. Box 150160
Atlanta, GA 30315

# ATTACHMENTS

Gilberto Rincon-Castillo
Federal Identification Number 17992-104
USP Atlanta
PO BOX 150160
Atlanta, Georgia 30315

November 14, 2023
Clerk
Wilkie D. Ferguson US Courthouse
400 North Miami Avenue, Room 8
Miami, Florida 33128

Re: United States v. Gilberto Rincon-Castillo
Case Number: 17-20547-CR-SMITH
Section No: 3553(a)

Dear Sir or Madam,

Enclosed please find my resource to compliment and support my reduction motion with study, works, and productive activities and programs.

1) Individualized Needs Plan - Program review USP Atlanta 05-12-2023.
2) Inmate History Update - USP Atlanta 02-17-2023
3) Inmate Education Data Transcript - USP Atlanta 04-06-2023
4) FSA Time Credit Assessment - USP Atlanta 07-03-2023 First Step Act eligible
5) Male Custody Classification Form - USP Atlanta - Criminal History Score Zero Points

I enclosed all documents that support my motion. Should you have any questions, please don't hesitate to contact me.

Yours Very Truly,

*[signature]*

Gilberto Rincon-Castillo



| Individualized Needs Plan - Program Review   (Inmate Copy) | | SEQUENCE: 02151565 |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | Team Date: 05-12-2023 |
| Plan is for inmate: RINCON-CASTILLO, GILBERTO   17992-104 | | |

| Facility: | ATL  ATLANTA USP | Proj. Rel. Date: | 06-14-2030 |
|---|---|---|---|
| Name: | RINCON-CASTILLO, GILBERTO | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | 17992-104 | DNA Status: | MIM21855 / 02-15-2019 |
| Age: | 62 | | |
| Date of Birth: | | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|

NO DETAINER

### Pending Charges

Possible B.I.C.E detainer with deportation to Colombia.

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ATL | LBR POOL | LABOR POOL AWAITING ASSIGNMENT | 05-11-2023 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ATL | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 07-29-2021 |
| ATL | GED XN | EXEMPT GED NON-PROMOTABLE | 07-29-2021 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MCA | | INEA PROG 1ST PD/0755-0945 | 04-27-2022 | CURRENT |
| ATL | C | BUSINESS MANAGEMENT | 04-03-2023 | 04-24-2023 |
| ATL | C | DCU PROBLEM SOLVING | 02-02-2023 | 02-17-2023 |
| ATL | C | DENTENTION CENTER ANGMGT CLS | 02-01-2023 | 02-09-2023 |
| ATL | C | DCU MONEY MANAGEMENT | 02-01-2023 | 02-09-2023 |
| ATL | C | DENTENTION CENTER PARENTING CL | 02-01-2023 | 02-09-2023 |
| ATL | C | DCU JOB PLACEMENT | 02-01-2023 | 02-09-2023 |
| MCA | W | GED3-1ST PD/0750-0950 | 11-15-2021 | 12-29-2021 |
| MCA | W | ADULT BASIC EDUCATION 3-2ND PD | 08-18-2021 | 08-30-2021 |
| MCA | C | FOOD SAFETY 1ST PD/0755-0945 | 08-02-2021 | 08-13-2021 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| 12-28-2022 | 108 : POSSESSING A HAZARDOUS TOOL |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 02-19-2019 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-18-2022 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-RCVRD | COVID-19 RECOVERED | 09-04-2020 |
| HSD1 | HSD REVIEW STATUS GROUP | 06-22-2022 |
| LOWER BUNK | LOWER BUNK REQUIRED | 03-09-2023 |
| NO F/S | NO FOOD SERVICE WORK | 12-01-2022 |
| NO PAPER | NO PAPER MEDICAL RECORD | 06-15-2021 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 12-01-2022 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 07-08-2021 |
| NR WAIT S | NRES DRUG TMT WAITING SPANISH | 12-19-2022 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|



**Individualized Needs Plan - Program Review    (Inmate Copy)**    SEQUENCE: 02151565
Dept. of Justice / Federal Bureau of Prisons                            Team Date: 05-12-2023
Plan is for inmate: RINCON-CASTILLO, GILBERTO   17992-104

### Most Recent Payment Plan

| FRP Assignment: | PART | FINANC RESP-PARTICIPATES | Start: 07-09-2021 |
|---|---|---|---|
| Inmate Decision: | AGREED | $25.00 | Frequency: QUARTERLY |
| Payments past 6 months: | $0.00 | | Obligation Balance: $25.00 |

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $25.00 | IMMEDIATE | WAIT PLAN |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### FRP Deposits

Trust Fund Deposits - Past 6 months:   $977.54        Payments commensurate ?   N/A
New Payment Plan:    ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 03-26-2022 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 05-12-2023 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 05-12-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 05-12-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 09-01-2021 |
| N-EDUC Y | NEED - EDUCATION YES | 05-12-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 05-12-2023 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 05-12-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 05-12-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 05-12-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 05-12-2023 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 05-12-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 05-12-2023 |
| N-WORK Y | NEED - WORK YES | 05-12-2023 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 05-12-2023 |

### Progress since last review

Since his last review inmate Rincon-Castillo was sanctioned for 108-Possessing a Hazardous Tool incident report on 12-28-2022. He is currently assigned to Labor Pool awaiting work detail assignment. Inmate has completed DCU Job Placement, DCU Parenting, DCU Money Management, DCU Anger Management, DCU Problem Solving, and Business Management course since his last review.

### Next Program Review Goals

Unit team recommendation for inmate Rincon-Castillo to enroll in any Life Skill course available by next review was followed. Unit team continues to recommend inmate Rincon-Castillo start back making FRP payments towards remaining balance, enroll in ESL, and complete any educational/vocational course of his choice by the next review in November 2023.

### Long Term Goals

Unit team recommends inmate Rincon-Castillo maintain clear conduct, cell sanitation, and strong family ties through your release date 7-14-2030. Unit team recommends inmate save monies in preparation for release, pay remaining FRP balance, and complete educational and vocational training by his release date of July 14, 2030.

### RRC/HC Placement

No.
Management decision - Not within 24 months of release..
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

### Comments

ITT: (CO) Ineligible
Next Program Review: November 2023
Next Custody Due:

Archived as of 05-12-2023        Individualized Needs Plan - Program Review    (Inmate Copy)        Page 2 of 4

```
                      FSA Time Credit Assessment
                  Register Number:17992-104, Last Name:RINCON-CASTILLO
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS
```

```
Start       Stop         Pgm Status   Pgm Days
03-29-2022  06-16-2022   accrue       79
  Accrued Pgm Days...: 79
  Carry Over Pgm Days: 23
  Time Credit Factor.: 15
  Time Credits.......: 45
------------------------------------------------------------------------------
Start       Stop         Pgm Status   Pgm Days
06-16-2022  06-18-2022   disallow     2
  In SHU
     Facility Category Assignment    Start             Stop
     MCA      QTR      Z02-120LDS    06-16-2022 2158   06-17-2022 0435
------------------------------------------------------------------------------
Start       Stop         Pgm Status   Pgm Days
06-18-2022  05-06-2023   accrue       322
  Accrued Pgm Days...: 322
  Carry Over Pgm Days: 12
  Time Credit Factor.: 15
  Time Credits.......: 165
--- FSA Assessment ---------------------------------------------------------
 #   Start       Stop        Status    Risk Assignment  Risk Asn Start    Factor
001  06-15-2021  07-13-2021  ACTUAL    FSA R-MIN        04-28-2021 1901   10
002  07-13-2021  01-09-2022  ACTUAL    FSA R-MIN        04-28-2021 1901   10
003  01-09-2022  07-08-2022  ACTUAL    FSA R-MIN        04-28-2021 1901   15
004  07-08-2022  01-04-2023  ACTUAL    FSA R-MIN        04-28-2021 1901   15
005  01-04-2023  07-03-2023  ACTUAL    FSA R-MIN        12-02-2022 1614   15
```

```
Assessment Date: 05-06-2023                (2)             Assessment# -2146750969
```

# FSA Time Credit Assessment
Register Number:17992-104, Last Name:RINCON-CASTILLO

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number....: 17992-104 | Responsible Facility: ATL |
| Inmate Name | Assessment Date.....: 05-06-2023 |
|   Last............: RINCON-CASTILLO | Period Start/Stop...: 06-15-2021 to 05-06-2023 |
|   First...........: GILBERTO | Accrued Pgm Days....: 664 |
|   Middle..........: | Disallowed Pgm Days.: 26 |
|   Suffix..........: | FTC Towards RRC/HC..: 0 |
| Gender............: MALE | FTC Towards Release.: 300 |
| Start Incarceration: 10-19-2020 | Apply FTC to Release: Yes |

```
Start       Stop        Pgm Status   Pgm Days
06-15-2021  08-30-2021  accrue       76
  Accrued Pgm Days...: 76
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 20
------------------------------------------------------------------------------
Start       Stop        Pgm Status   Pgm Days
08-30-2021  09-11-2021  disallow     12
  In SHU
    Facility Category  Assignment   Start             Stop
    MCA      QTR       Z01-119LDS   08-30-2021 1426   09-10-2021 0817
------------------------------------------------------------------------------
Start       Stop        Pgm Status   Pgm Days
09-11-2021  01-09-2022  accrue       120
  Accrued Pgm Days...: 120
  Carry Over Pgm Days: 16
  Time Credit Factor.: 10
  Time Credits.......: 40
------------------------------------------------------------------------------
Start       Stop        Pgm Status   Pgm Days
01-09-2022  03-17-2022  accrue       67
  Accrued Pgm Days...: 67
  Carry Over Pgm Days: 16
  Time Credit Factor.: 15
  Time Credits.......: 30
------------------------------------------------------------------------------
Start       Stop        Pgm Status   Pgm Days
03-17-2022  03-29-2022  disallow     12
  In SHU
    Facility Category  Assignment   Start             Stop
    MCA      QTR       Z01-118LDS   03-17-2022 1530   03-28-2022 1219
```

Assessment Date: 05-06-2023      (1)      Assessment# -2146750969

```
ATLK1                 *      UPDATE INMATE HISTORY             *     02-17-2023
PAGE 001 OF 001                                                       09:37:31


REGISTER NO: 17992-104  LAST NAME: RINCON-CASTILLO
   FUNCTION: ADD          CATEGORY: EDC


SUB-FACL    ASSIGNMENT  START DATE/TIME  STOP  DATE/TIME  ADDITIONAL INFO
ATL         DCUPROSOLV  02-02-2023 0001  02-17-2023 0001  P C P 10
-----------------------------------------------------------------------------
MCA         INEA 1-PD   04-27-2022 0938  CURRENT
ATL         DCUPROSOLV  02-02-2023 0001  02-17-2023 0001  P C P    10
ATL         DCU-ANGMGT  02-01-2023 0001  02-09-2023 0001  P C P    10
ATL         DCUMONMGT   02-01-2023 0001  02-09-2023 0001  P C P    10
ATL         DCU-PARENT  02-01-2023 0001  02-09-2023 0001  P C P    10
ATL         DCUJOBPLAC  02-01-2023 0001  02-09-2023 0001  P C P    10
MCA         GED3 1-PD   11-15-2021 0800  12-29-2021 1156  P W I    66
MCA         ABE3 2-PD   08-18-2021 1030  08-30-2021 1025  P W I    18
MCA         SERSAF 1ST  08-02-2021 0958  08-13-2021 1111  P C P    20



G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
ATLKQ   606.00  *      MALE CUSTODY CLASSIFICATION FORM      *      12-02-2022
PAGE 001 OF 001                                                       18:11:45
                              (A) IDENTIFYING DATA
 REG NO..: 17992-104           FORM DATE: 06-02-2022           ORG: MCA
 NAME....: RINCON-CASTILLO, GILBERTO
                                        MGTV: NONE
 PUB SFTY: ALIEN                        MVED:
                               (B) BASE SCORING
 DETAINER: (0) NONE                  SEVERITY.......: (3) MODERATE
 MOS REL.: 104                       CRIM HIST SCORE: (00) 0 POINTS
 ESCAPES.: (0) NONE                  VIOLENCE.......: (0) NONE
 VOL SURR: (0) N/A                   AGE CATEGORY...: (0) 55 AND OVER
 EDUC LEV: (2) NO VERFD HS/ NO GED   DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                              (C) CUSTODY SCORING
 TIME SERVED.....: (4) 26-75%     PROG PARTICIPAT: (1) AVERAGE
 LIVING SKILLS...: (1) AVERAGE    TYPE DISCIP RPT: (5) NONE
 FREQ DISCIP RPT.: (3) NONE       FAMILY/COMMUN..: (4) GOOD


                        --- LEVEL AND CUSTODY SUMMARY ---

 BASE  CUST  VARIANCE  SEC TOTAL  SCORED LEV  MGMT SEC LEVEL  CUSTODY  CONSIDER
  +5    +18    -2         +3         LOW          N/A            IN    DECREASE



 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Gilberto Rincon-Castillo 17992-104
USP Atlanta
PO BOX 150160
Atlanta, GA 30315

LEGAL MAIL - PRIVILEGED MAIL.

Retail

UNITED STATES POSTAL SERVICE

33128

RDC 99

US MAIL INSPECTED BY

Wilkie D. Ferguson US Courthouse
ATTN: Clerk of Court
400 North Miami Avenue
Room 8
Miami, FL 33128

REC'D BY