UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20547-CR-SMITH

UNITED STATES OF AMERICA

v.

GILBERTO RINCON-CASTILLO,

        Defendant.
_____/

## OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE

The United States opposes the defendant's motion seeking a sentence reduction pursuant to Title 18, United States Code, Section 3582(c)(2). ECF No. 368. As stated more fully herein, the defendant's motion should be denied because the defendant is not eligible for relief.

**I.**  **COURSE OF PROCEEDINGS IN THE CRIMINAL CASE**

On January 6, 2020, defendant Gilberto Rincon-Castillo ("G. Rincon-Castillo) pleaded guilty to the only count of the Indictment, which charged him with conspiring to engage in international drug trafficking, in violation of Title 21, United States Code, Sections 959, 963. G. Rincon-Castillo conspired with others to send thousands of kilograms of cocaine from Colombia to the United States (DE 290).

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report and one addendum to the same (ECF Nos. 316 and 330). At sentencing, the defendant's offense level was determined to be 38 by the U.S. Probation Office. Significantly, that calculation included a three-level enhancement for the leadership role the defendant played within the conspiracy. ECF No. 330 ¶ 28. However, pursuant to the plea agreement amongst the

parties, the defendant and the United States agreed and recommended to the Court that a one-level leadership enhancement should apply. *See* Sentencing Transcript, pp 4-5, attached hereto an exhibit. The Court agreed with the position of the parties and imposed a 1-level leadership enhancement. *Id.* at p.6. The defendant had zero criminal history points, resulting in offense level 36 and a guideline range of 188-235. *Id.* The Court imposed a 188 months' imprisonment followed by 5 years supervised release. ECF No. 349.

## II. LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010).

First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id*. Significantly, the applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Second, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors[1], *id.* at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." "[I]f a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Here, defendant seeks a reduction based on Part B of Amendment 821 to the Sentencing Guidelines, which allows for a two-point reduction in the sentencing guideline range for certain defendants that have zero criminal history points. ECF No. 368. Although the amendment went

---

[1] The 18 U.S.C. § 3553(a) factors courts must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

into effect on November 1, 2023, the Sentencing Commission has determined that any order reducing a defendant's sentence cannot have an effective date prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (effective November 1, 2023).[2] "A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n. 7 (effective November 1, 2023).

### III. LEGAL ANALYSIS

Amendment 821 "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines.[3]

Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

---

[2] If a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under the new amendment.

[3] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1. He also has zero criminal history points, and meets the criteria enumerated at 2 through 9 above. ECF No. 330.

However, the defendant is ineligible for a sentence reduction under Part B of Amendment 821 because he is explicitly excluded from relief under item 10 above. The defendant contends that his guideline range should be lower due to § 4C1.1(a)'s two-level reduction. But that reduction requires that the defendant satisfy *all* listed criteria to qualify for relief, including that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." U.S.S.G § 4C1.1(a)(10). Either is disqualifying.

A defendant must show *both* that he "did not receive an adjustment under § 3B1.1" *and* "was not engaged in a continuing criminal enterprise." *Id.*; *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range"). As the Eleventh Circuit recognized in *United States v. Garcon*, where the word "and" conjoins several

negative phrases, each negative phrase is a separate requirement. 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) (explaining that a defendant would have to show all three if the statute at issue said: "A defendant is eligible for the safety valve if he (A) does not have more than 4 criminal history points (excluding 1-point offenses); (B) does not have a prior 3-point offense; and (C) does not have a prior 2-point violent offense."). Therefore, § 4C1.1(a)(10) disqualifies two sets of defendants: those who received an aggravating role enhancement, and those who engaged in a continuing criminal enterprise. *See United States v. Draheim*, 958 F.3d 651, 656 (7th Cir. 2020) (concluding that a defendant was disqualified by either an aggravating role or engagement in a continuing criminal enterprise where the statute said "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines *and* was not engaged in a continuing criminal enterprise" (emphasis added)).

Disqualifying both sets of defendants makes sense. Requiring an aggravating role adjustment and continuing criminal enterprise engagement for the same defendant would mean that only defendants convicted of drug-related offenses could be disqualified for their aggravating roles in offenses, as only drug cases can involve a continuing criminal enterprise as defined in 21 U.S.C. § 848(c). Of course, such a reading would render the provision nearly superfluous because application note 1 of § 2D1.5 (Continuing Criminal Enterprise) instructs courts not to apply an aggravating role adjustment to defendants engaged in a continuing criminal enterprise. U.S.S.G. § 2D1.5, cmt. n. 1. This would leave only defendants who committed a drug-related offense and received an aggravating role adjustment despite their engagement in a continuing criminal enterprise for which they were not charged. The Sentencing Commission did not intend such an absurd result. *See Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 824 (2018) ("one of the most

6

basic interpretive canons" is "that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant" (cleaned up)).

By its plain language and context, § 4C1.1(a)(10) is properly read to exclude any defendant who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise. *See United States v. Frederik Barbieri,* Case No. 18-CR-20060-SCOLA (D.E. 123) (S.D. Fla. Dec. 7, 2023) ("In addition, [the defendant] received sentencing enhancements as a leader and organizer of his trafficking organization, making him also ineligible for the two-level decrease under requirement number ten.")); *United States v. Everret Donovan Williams*, Case No. 04-CR-20065-SEITZ (D.E. 1117) (S.D. Fla. Nov. 21, 2023) ("Here, Defendant does not qualify for the adjustment for certain zero-point offenders as he claims, because he was a supervisor in the charged drug conspiracy and received an aggravating role adjustment under §3B1.1.");*United States v. Alexander Juan*, Case No. 22-CR-20431-MARTINEZ (D.E. 413) (S.D. Fla. Nov. 20, 2023) ("Here, Defendant is not eligible for a sentence reduction under subsection (10) as he received an aggravating role under § 3B1.1(a)"); *United States v. Bellamy*, Case No. 19-CR-60380-ALTMAN (D.E. 176) (S.D. Fla. Nov. 17, 2023) ("Therefore, the Defendant's role as an organizer of a criminal activity precludes her from a sentence reduction under § 4C1.1."); *United States v. Miguel Rodriguez-Orejuela*, Case No. 03-CR-20774-DIMITROULEAS (D.E. 338) (S.D. Fla. Nov. 16, 2023) ("Defendant is excluded from benefitting from that reduction because he received a four level enhancement for his role in the offense. That disqualifies him from benefitting from the zero point amendment.") (internal citations omitted).

Here, the defendant received an adjustment under § 3B1.1 for his aggravating role. As explained in the PSR, the defendant exercised a degree of control and dominion over his criminal

7

activities. PSR ¶ 14. Accordingly, the Sentencing Court found that he qualified for an adjustment under § 3B1.1(c) for his aggravating role and the parties agreed to the one-level aggravating enhancement for the defendant's role.

As § 4C1.1 is inapplicable to the defendant, his guideline range remains unchanged and he is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

Additionally, a reduction is not warranted under the § 3553(a) factors. The sentence imposed by the court is appropriate considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence. The amount of cocaine involved in the offense was substantial—thousands of kilograms of cocaine. Circumstances of the offense demonstrate a high level of criminal intent, planning and determination: the transport of thousands of kilograms of cocaine across hundreds of miles of open sea and repetition of the process on more than one occasion. The current sentence is appropriate under the circumstances and necessary to deter others from undertaking drug trafficking ventures. Further, the massive quantity of cocaine involved has a profound impact on communities in the United States, particularly on vulnerable populations. Accordingly, a sentence reduction is not warranted as a matter of discretion.

For these reasons, the defendant's motion should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ *Robert J. Emery*
Robert Emery
Assistant United States Attorney
Court No. A5501892
99 N.E. 4th Street, Suite 700
Miami, FL 33132
Tel# (305) 961-9421
Fax: (305) 530-6168
robert.emery2@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and mailed to the defendant at:

Gilberto Rincon-Castillo
PRO SE
Atlanta-USP
17992-104 United States Penitentiary Inmate Mail/Parcels
Post Office Box 150160
Atlanta, GA 30315
USA

/s/ *Robert J. Emery*
Robert Emery
Assistant United States Attorney